C. J. REISENBICHLER, Doing Business Under the Firm and Style Name of C. J. REISENBICHLER LUMBER COMPANY, Appellant, v. MARQUETTE CEMENT COMPANY, a Corporation, CHRIS STIVER, ROBINSON LUMBER COMPANY, a Corporation, GUY BAYNHAM, RIVERSIDE LUMBER COMPANY, a Corporation, WILLIAM J. KIES, SOUTHEAST MISSOURI LUMBER COMPANY, a Corporation, and CHARLES HIMMELBERGER.—108 S. W. (2d) 343.

Division Two, August 26, 1937.

*Finch & Finch* and *Ward & Reeves* for appellant.

745

*Dearmont, Spradling & Dalton* for respondents; *E. A. Zimmerman* of counsel.

WESTHUES, C.—Appellant, by this suit, seeks to recover $20,000 in damages from the defendants. Plaintiff's cause of action was based upon a violation of the anti-trust statutes of this State. Appellant was granted a change of venue to the Scott County Circuit Court. Defendant filed a demurrer to plaintiff's petition, which the court

746

sustained. Plaintiff declined to plead further and judgment was entered for defendants, whereupon plaintiff appealed.

The only question before this court is the sufficiency of plaintiff's petition. A decision of this question calls for an interpretation of Sections 8700, 8702, 8703 and 8712, Revised Statutes 1929 (Mo. Stat. Ann., p. 6486 to 6496). It was alleged in the petition that plaintiff was engaged in the retail lumber business at Cape Girardeau, Missouri, and had enjoyed a profitable business for many years. The petition described the defendants in substance as follows: Defendant, Marquette Cement Company, was engaged in the business of selling cement at wholesale, and defendant, Chris Stiver, was a salesman for said company. Defendant, Robinson Lumber Company of St. Louis, was engaged in retail lumber business at Cape Girardeau, which business was in charge of defendant, Guy Baynham. The defendants, Riverside Lumber Company, with defendant, William J. Kies, as manager, and Missouri Lumber Company, with defendant, Charles Himmelberger, as manager, were also engaged in the lumber business at Cape Girardeau. The petition then alleged that plaintiff had, in the course of years, built up a profitable lumber business; that for many years he had sold cement and had purchased it at wholesale from the defendants Marquette Cement Company and Chris Stiver. The petition charged that the defendants, above named, entered into an agreement, pool, and combination among themselves in restraint of trade and competition in the sale of cement, in the city of Cape Girardeau, Missouri; that in pursuance of such combination, pool and agreement the defendants, Marquette Cement Company and Chris Stiver refused to furnish, or sell, the plaintiff cement; that the said agreement was, and still is in force. It was further alleged that pursuant to said combination and agreement the defendants, Marquette Cement Company and Chris Stiver, regularly sold, and are still selling, cement to all retail dealers dealing in that commodity in Cape Girardeau, except the plaintiff herein. Plaintiff then charged that, as the result of this combination and agreement between the defendants, he has been unable to obtain cement for his retail trade as cheaply as his competitors, much to his damage; that plaintiff has been compelled, by reason of said unlawful combination and agreement, to purchase cement for his retail trade from his competitors at an advanced price and at a price in excess of that charged by the defendant, Marquette Cement Company; that by reason of said unlawful agreement his, plaintiff's, cement business has been destroyed. Plaintiff's petition is quite lengthy and we have only stated in substance the ultimate facts pleaded. Respondents in their brief made the following assertions:

"The petition does not allege or describe: (1) the agreement between the Marquette Cement Manufacturing Company and the other

defendants; (2) it does not set out or describe the alleged wrongful agreement entered into between defendants; (3) it does not point out how, when or where the acts complained of in the petition were committed; (4) it is vague, uncertain and indefinite; it does not inform defendants definitely of the acts with which they are charged; and (5) it does not state facts constituting a cause of action, but is based wholly on conclusions. For these reasons the Court very properly sustained the demurrer.''

We are of the opinion that the first, second, fourth and fifth points made in respondents' brief are without merit. The petition described the agreement alleged to have been entered into between the defendants. It also stated its purpose and effect. It was charged in the petition that the defendants entered into a combination, the effect and purpose of which was: That the defendant, Marquette Cement Company, would sell cement to all of the retail dealers in the city of Cape Girardeau, who were named as defendants in the petition, but that no cement would be sold to the plaintiff, who was also a retail dealer in cement in said city. Section 8700 reads as follows:

''Any person who shall create, enter into, become a member of or participate in any pool, trust, agreement, combination, confederation or understanding with any person or persons in restraint of trade or competition in the importation, transportation, manufacture, purchase or sale of any product or commodity in this state, or any article or thing bought or sold whatsoever, shall be deemed and adjudged guilty of a conspiracy in restraint of trade, and shall be punished as provided in this article.''

We are of the opinion that the petition stated facts sufficient to constitute a cause of action under Section 8700, supra. It will, therefore, not be necessary to discuss the question of whether the petition is sufficient under the other sections mentioned. It is evident, from a reading of the sections of Articles 1, Chapter 47, that the Legislature intended to, and did, prohibit any and every form of combination or agreement that may be conceived, that tends to hinder or restrain competition and trade in any product or commodity. By the agreement described in the petition the defendants agree, among themselves, that plaintiff should be hindered in his business of buying and selling cement, thereby limiting competition. In Heim Brewing Co. v. Belinder, 97 Mo. App. 64, l. c. 69, the Kansas City Court of Appeals said: .

''Any one may exercise a choice as to whom he will sell his goods, but he cannot enter into a contract whereby he binds himself not to sell, for in such instance he barters away his right of choice, and destroys the very right he claims the privilege of exercising. After entering upon such agreement, he is no longer a free agent.''

This court in Dietrich v. Cape Brewery & Ice Co., 315 Mo. 507, 286

748

S. W. 38, l. c. 43 (14), approved the ruling of the Court of Appeals. Note what this court said:

"Argument is advanced, founded upon the right of a person engaged in a business private in character, to buy from whomsoever he pleases, to sell to whomsoever he will, or to refuse to sell to a particular person. The right does not extend to the allowance of an agreement and concerted action thereunder of such person with others similarly engaged, in the accomplishment of a common design, to destroy the business of another, or to the making of an agreement forbidden by law, and concerted action thereunder, inflicting an injury upon the public. What the defendants could have done severally, by independent action, is essentially different from what they might do collectively, pursuant to an agreement between themselves and by concerted action thereunder. Heim Brewing Co. v. Belinder, 97 Mo. App. 64, 71 S. W. 691; State ex rel. v. People's Ice Co., 246 Mo. 221, 151 S. W. 101; State ex inf. v. Armour Packing Co., 265 Mo. 148, 176 S. W. 382."

The Legislature has declared all such agreements illegal. Defendants in such a case will not be heard to say that the agreement was not injurious to the public. This court has so ruled. [See State ex rel. Barrett v. Boeckeler Lumber Co. (en banc), 301 Mo. 445, l. c. 524, 525, 256 S. W. 175; State ex inf. Major v. Arkansas Lumber Co., 260 Mo. 212, l. c. 315, 169 S. W. 145.]

The third assignment, that the petition does not point out how, when, or where the acts complained of in the petition were committed, is also without merit. Section 8712, supra, reads:

"In any suit that is now pending, or which may hereafter be brought, in which it is charged that any person, corporation, partnership or association of persons has created, entered into, become a member of or participated in any pool, trust, agreement, combination, confederation or understanding in restriant of trade, or competition with any other person, corporation, partnership or association of persons, it shall not be necessary to allege or plead the manner in which, or when or where such pool, trust, agreement, combination, confederation or understanding was made or effected. [R. S. 1919, sec. 9667.]"

The statute is a sufficient answer to respondents' contention. See, also, Dietrich v. Cape Brewery & Ice Co., 286 S. W. 38, l. c. 40 (5), 315 Mo. 507, where this question was decided adversely to respondents' contention.

It follows that the judgment must be reversed and the cause remanded for trial. *Cooley* and *Bohling*, *CC.*, concur.


PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.