KINCAID-WEBBER MOTOR COMPANY, a Corporation, Respondent, v. CODY QUINN, WILLIAM ASHWORTH, JAMES R. STUFFLEBEAM, JOHN DOE and RICHARD ROE, Individually and as Representatives of INTERNATIONAL ASSOCIATION OF MACHINISTS, LOCAL LODGE #778, an Unincorporated Labor Organization, Appellants, No. 42256—241 S. W. (2d) 886.

Division Two, July 9, 1951.

Motion for Rehearing or to Transfer to Banc Overruled, September 10, 1951.

*Clif. Langsdale* and *John J. Manning* for appellants.

*Harry L. Browne, Byron Spencer* and *Joseph J. Kelly, Jr.,* for respondent.

378

WESTHUES, C.—Plaintiff instituted this action to enjoin defendants from picketing plaintiff's place of business. Plaintiff's theory is that the picketing was for an unlawful purpose, that is, coercing plaintiff to recognize a labor organization as the bargaining representative when, in fact, recognition would have been unlawful because plaintiff's employees had by a vote rejected the offer of such representation.

Defendants' theory is that the picketing was not for an unlawful purpose and that a state court has no jurisdiction of the subject matter; that jurisdiction is vested exclusively in the National Labor

Relations Board. It is also contended an injunction would be an abridgement of freedom of speech in violation of defendants' constitutional rights.

We learn from the record that one of the defendants, William Ashworth, was dead at the time the hearing was had in the trial court.

The trial court heard the evidence offered by plaintiffs and the defendants and found that the picketing "was for the purpose of compelling Plaintiff to recognize the International Association of Machinists, Local Lodge No. 778, and Local Lodge No. 498, International Brotherhood of Teamsters, Chauffeurs, and Warehousemen, as the exclusive bargaining agent of Plaintiff's employees, when in fact the said employees voted against said Unions as their collective bargaining agent and said union ▮▮▮▮ organizations did not represent a majority of the said employees and were therefore not entitled to act as exclusive bargaining agent for said employees. It is the opinion of the Court that the said purpose was unlawful and that the Defendants should therefore be enjoined from establishing or maintaining the said picket." The defendants appealed from the decree.

A brief statement of the facts will suffice. In the first part of 1949 the defendants, principally James R. Stufflebeam, instigated organizational activities to unionize the employees of motor car dealers in Jackson County, Missouri. Plaintiff Kincaid-Webber was such a car dealer. In June the defendants requested plaintiff to recognize their union as the exclusive bargaining agent for plaintiff's employees. The plaintiff suggested the question be determined through an election conducted by the National Labor Relations Board. The defendants filed a petition with this Board to conduct such an election at Kincaid-Webber and at a number of other car dealers' places of business. The Board ordered and supervised the elections with the result that at Kincaid-Webber the employees, 17 in number, voted 11 to 6 against the defendants' union as their bargaining representative. This election was held on November 10, 1949. The next morning, November 11, a picket was placed at Kincaid-Webber.

Plaintiff introduced evidence to the effect that when Stufflebeam learned the result of the election, he made the following statements: "You can bet your G- - d- - - life we are going to be in there, but there won't be another election." "This election business is too easy. We have other means of getting recognition." "It won't be so easy on the boys next time * * * We will use a different method."

Plaintiff introduced evidence that its business suffered materially during the time the place was picketed.

The defendant Stufflebeam testified that the purpose of the picket was to inform the public that plaintiff's business was non-union. The signs carried by the pickets so read. The trial court was justified in finding that the purpose of the picket was to coerce plaintiff to recognize the defendants' union as the bargaining representative.

The evidence justified no other conclusion. The defendants in their brief concede that the one issue of fact presented was whether the picket was for the purpose of compelling plaintiff to recognize the union as the sole bargaining agent.

Appellants say that "The National Labor Relations Board has exclusive jurisdiction to correct and enjoin the alleged misconduct of the defendants." The first case cited in support of that statement is Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Dixie Motor Coach Corporation, 170 F. (2d) 902. In that case the Motor Coach Company sought an injunction against a labor union from maintaining a picket. It was conceded that there was a labor dispute involved. Plaintiff contended that the Norris-LaGuardia Act had been amended by the Taft-Hartley Act so as to permit a private person or corporation to seek an injunction in such cases. The court held (170 F. (2d) l. c. 906), that the Taft-Hartley Act did not so change the law but that under the Taft-Hartley Act the National Labor Relations Board had authority to ask for an injunction in such cases. The court relied upon the case of Bakery Sales Drivers Local Union v. Wagshal, 333 U. S. 437, 68 S. Ct. 630. The court pointed out that the rule applies only in cases where there is a labor dispute; that in cases where the dispute is only a sham the rule does not apply. Injunctions against pickets have been sustained in many cases under both the Norris-LaGuardia and Taft-Hartley Acts. The cases usually involved the question of whether or not the purpose of the picket was to coerce the performance of an unlawful act. See Fred Wolferman, Inc. v. Root, 356 Mo. 976, 204 S. W. (2d) 733, l. c. 735, 736 (5) (6, 7). In that case this court en banc said: "Both the answer and the evidence do disclose that one of the purposes for the picketing is for giving information to the public. While we assume that purpose is lawful still when it is coupled, as it is here, with unlawful purposes, the fact one of several purposes is lawful does not make the picketing lawful. Picketing for both lawful and unlawful purposes is unlawful. See Restatement Torts Sec. 796. Cf. Baush Machine Tool Co. v. Hill, 231 Mass. 30, 120 N. E. 188; Folsom Engraving Co. v. McNeil, 235 Mass. 269, 126 N. E. 479." To the same effect see State ex rel. Allai v. Thatch, 361 Mo. 190, 234 S. W. (2d) 1, l. c. 9 (8, 9), where it was contended that under the Taft-Hartley Act a state court had no jurisdiction to issue an injunction in such cases; this court en banc there said: "But the foregoing Federal statutes do not preempt the jurisdiction of the State courts in all instances. It has been held by this and other State courts and the United States Supreme Court that while peaceful picketing is generally permissible under the Fourteenth Amendment, Const. U. S. for a lawful and proper purpose, yet such picketing may be enjoined when the purpose is unlawful; * * *." See also Empire Storage &

Ice Company v. Giboney, 357 Mo. 671, 210 S. W. (2d) 55, affd. 336 U. S. 490, 69 S. Ct. 684.

Appellants in their reply brief cite Amalgamated Ass'n of Street, Electric Railway & Motor Coach Employees v. Wisconsin Employment Relations Board, 71 S. Ct. 359, as holding that a state court does not have jurisdiction of this case. As we read the case it is not in point and does not so hold. That case held the Wisconsin Public Utility Anti-Strike Law to be in conflict with the Taft-Hartley Act and therefore not enforceable. In the case before us no state regulation is involved.

■ The contention of defendants that the injunction herein violates their constitutional rights must be denied. In the Wolferman case, supra, 204 S. W. (2d) l. c. 736, 737 (8, 9), it was ruled that freedom of speech does not include the right to picket to persuade an employer to violate a statute. The question was considered at length and no useful purpose would be served by again discussing the point.

■ Appellants in their reply brief state that the National Labor Relations Board has asserted its jurisdiction of the labor relations of the parties here involved and therefore the state court had no jurisdiction. We cannot agree. Appellants asked the Labor Board to hold an election. The Board did so and announced the result. That completed the matter and no further action was necessary.

The judgment of the trial court is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.