Charles GILOTI, Appellant,

v.

HAMM–SINGER CORP., Respondent.

No. 51411.

Supreme Court of Missouri,

Division No. 2.

Dec. 13, 1965.

------◆------

John R. Whitsitt, John W. Ehrlich, Kansas City, for appellant.

Ira K. Witschner, William H. Ergovich and Lynn B. Nelson, Kansas City, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from the judgment of the trial court dismissing his petition for failure to state a claim upon which relief may be granted. The damages sought exceed the minimum jurisdictional amount of this court.

From the allegations in plaintiff's petition we find the following facts. Plaintiff is a duly licensed retailer of intoxicating liquors and a resident of Kansas City, Missouri. Defendant is a duly licensed wholesale dealer in Kansas City and is "the exclusive, franchised dealer in certain brand names of various kinds of intoxicating liquors and related products" which are not available to plaintiff from any other source. Plaintiff has attempted to purchase said products from defendant but it has refused and does now refuse to sell its products to plaintiff. Plaintiff then pleads the existence of Section 311.332 RSMo 1959, V.A. M.S., which we shall subsequently mention, and alleges that by reason of the refusal of defendant to sell its products to him he has been damaged in the amount of $20,000, and that he is entitled to punitive damages in the amount of $100,000.

Plaintiff does not contend that his petition states a cause of action for an unlawful conspiracy or for a violation of the Missouri anti-trust laws. He does present two theories in support of his contention that his petition states a claim upon which relief may be granted; one based on the terms of Section 311.332, and the other irrespective of the provisions of that statute.

Section 311.332, in its material parts, is as follows: "It shall be unlawful for any wholesaler [of intoxicating liquor] * * * to discriminate between retailers or in favor of or against any retailer or group of retailers, directly or indirectly, in price, in discounts for time of payment, or in discounts on quantity of merchandise sold, or to grant directly or indirectly, any discount, rebate, free goods, allowance or other inducement, excepting a discount not in excess of one per cent for quantity of liquor and wine, and a discount not in excess of one per cent for payment on or before a certain date."

Appellant refers to a dictionary definition of "discrimination" which is "To make distinctions in treatment; show partiality (in favor of) or prejudice (against)," and he cites and relies on only one case, Canada Dry Ginger Ale, Inc. v. F & A Distributing Co., 28 N.J. 444, 147 A.2d 15. That case, however, is not helpful to appellant's contention. New Jersey has a statute which provides that there shall be "no discrimination in the sale of alcoholic liquors by distillers * * * of nationally advertised brands of alcoholic liquors to duly licensed wholesalers of alcoholic liquors" in that state, and upon complaint the statute authorizes a hearing before the director of an administrative agency "to determine whether such refusal to sell is arbitrary or not."

If the director finds that the wholesaler has "the ability * * * to pay for such merchandise as ordered, he shall order the distiller * * * to complete the said sale of alcoholic liquor to the wholesaler." The above case was not an action for damages, but was an appeal from the order of the director that the sale should be completed. There is no comparable statute in Missouri, and this case does not lend any support to plaintiff.

When reliance is placed upon the provisions of Section 311.332, plaintiff's petition does not state a cause of action against defendant for the relief sought. The facts alleged do not show a violation of that statute. Section 311.332 does not make it unlawful for a wholesaler to refuse to sell its products to any particular retailer. It makes it unlawful only for a wholesaler to discriminate between retailers, or in favor or against a retailer (1) in price, (2) in discounts for time payment, and (3) in discounts for quantity of merchandise sold. It also makes it unlawful for a wholesaler to grant any rebate, free goods, allowances or other inducements, except as specifically authorized. The proscription of the statute is limited to the above. When, as here, "a statute enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned; * * *." 82 C.J.S. Statutes § 333; Brown v. Morris, 365 Mo. 946, 290 S.W.2d 160; Parvey v. Humane Soc. of Mo., Mo.App., 343 S.W.2d 678. By no reasonable interpretation can it be held that Section 311.332 makes it unlawful for a wholesaler of intoxicating liquor to refuse to make any sale whatever to a particular retailer.

In addition, Section 311.332 is a criminal statute, and Section 311.338 provides that one who violates it shall be guilty of a misdemeanor. It also provides a penalty for a violation in the form of a suspension or revocation of the wholesaler's license. This court has held "that a statute which creates a criminal offense and provides a penalty for its violation, will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent." Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122. Assuming that we could in some manner, find that Section 311.332 proscribed the alleged acts of defendant, we can find no intention on the part of the Legislature, by express terms or by clear implication, to create a civil action for its violation.

We turn now to the contention that the petition states a cause of action without reliance on Section 311.332. Plaintiff asserts that even though as a general proposition Missouri recognizes the "single trader doctrine" (that one engaged in a private business may, in the absence of a statute to the contrary, buy from whomsoever he pleases and may sell, or refuse to sell, to whomsoever he will, as stated in State on the Information of Dalton v. Miles Laboratories, 365 Mo. 350, 282 S.W.2d 564, 571), the liquor business does not stand upon the same plane, in the eyes of the law, with other commercial operations, but as stated in State v. Wipke, 345 Mo. 283, 133 S.W.2d 354, it is " 'differentiated from all other occupations, and is thereby separated or removed from the natural rights, privileges, and immunities of the citizen.' " He then asserts that there is a conflict between the two foregoing principles, and that "the so-called 'single trader doctrine' does not apply to any phase of the traffic in liquor industry."

A cause of action consists of at least two essential elements; the wrongful invasion of a right, and the privilege or power which law or equity gives to the injured person to seek and obtain redress. Schempp v. Davis, 201 Mo.App. 430, 211 S.W. 728; 1 Am.Jur.2d Actions § 46. While it is true that at common law combinations, contracts, and agreements which created, or tended to create, a monopoly were unlawful as being in restraint in trade,

58 C.J.S. Monopolies § 15; 36 Am.Jur. Monopolies, Combinations, etc. § 5, it is equally true that "In the absence of any intent or purpose to create or maintain a monopoly, a trader or manufacturer engaged in an entirely private business has the right to exercise his own independent discretion as to persons with whom he may deal, unless a refusal to deal with a person is part of an illegal conspiracy or combination." 58 C.J.S. Monopolies § 49. See also State on the Information of Dalton v. Miles Laboratories, supra; Reisenbichler v. Marquette Cement Co., 341 Mo. 744, 108 S.W.2d 343; Dietrich v. Cape Brewery & Ice Co., 315 Mo. 507, 286 S.W. 38; United States v. Colgate & Co., 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992; Times-Picayune Pub. Co. v. United States, 345 U.S. 594, 73 S.Ct. 872, 97 L.Ed. 1277; 36 Am.Jur. Monopolies, Combinations, etc. § 24; 58 Yale Law Jour. 1121; 4 Restatement of Torts § 762. In order to find that by defendant's refusal to sell anything to plaintiff there has been a wrongful invasion by defendant of a right of plaintiff, the Legislature must have created by statute a duty on the part of defendant to sell and a right in plaintiff to buy contrary to the general common law rule above set forth. It is true that traffic in intoxicating liquors is highly regulated, but plaintiff points to no regulatory statute (other than Section 311.332 which, for the reasons above stated, does not sustain plaintiff's petition) which creates a right in plaintiff to buy from defendant when defendant exercises, without a violation of the conspiracy or anti-trust laws, its right to determine the persons with whom it shall deal or to whom it will sell its products.

Plaintiff cites only Canada Dry Ginger Ale, Inc. v. F & A Distributing Co., supra. However, the facts of that case, as previously set out, are so different that it provides no support whatever for plaintiff's theory.

For the above reasons plaintiff's petition fails to allege facts upon which relief may be granted.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.