Jack Runyan, Director Missouri Department of Agriculture Post Office Box 630 Jefferson City, Missouri 65101
Dear Mr. Runyan:
This is in response to your recent opinion request which poses the following question:
 "Is a corporation, being neither a family farm corporation nor an authorized farm corporation, which owns agricultural land in Missouri and leases said land to an individual, a family farm corporation, family farm unit, or another corporation, for farming purposes, required to file a yearly report pursuant to Chapter 350.020, RSMo Supp. 1975?"
Your question involves the interpretation of various sections of Chapter 350, RSMo Supp. 1975, entitled "An Act Relating to Agricultural Land; Regulating the Ownership of such Land by Certain Corporations, with Penalty Provisions." Laws, 1975, p. ____, S.C.S.H.C.S.H.B. No. 655, Sections 1-5.
Section 350.015 regulates the ownership and use of agricultural land by certain corporations in Missouri. It reads as follows:
 "After September 28, 1975, no corporation not already engaged in farming shall engage in farming; nor shall any corporation, directly or indirectly, acquire, or otherwise obtain an interest, whether legal, beneficial or otherwise, in any title to agricultural land in this state, provided, however, that the restrictions set forth in this section shall not apply to the following:
 (1) A bona fide encumbrance taken for purposes of security;
 (2) A family farm corporation or an authorized farm corporation as defined in section 350.010;
 (3) Agricultural land and land capable of being used for farming owned by a corporation as of September 28, 1975 including the normal expansion of such ownership at a rate not to exceed twenty percent, measured in acres, in any five-year period, or agricultural land and land capable of being used for farming which is leased by a corporation in an amount, measured in acres, not to exceed the acreage under lease to such corporation as of September 28, 1975 and the additional acreage for normal expansion at a rate not to exceed twenty percent in any five-year period, and the additional acreage reasonably necessary whether to be owned or leased by a corporation to meet the requirements of pollution control regulations.
 (4) A farm operated wholly for research or experimental purposes, including seed research and experimentation and seed stock production for genetic improvements, provided that any commercial sales from such farm shall be incidental to the research or experimental objectives of the corporation;
 (5) Agricultural land operated by a corporation for the purposes of growing nursery plants, vegetables, grain or fruit used exclusively for brewing or winemaking or distilling purposes and not for resale, for forest cropland or for the production of poultry, poultry products, fish or mushroom farming, production of registered breeding stock for sale to farmers to improve their breeding herds, for the production of raw materials for pharmaceutical manufacture, chemical processing, food additives and related products, and not for resale.
 (6) Agricultural land operated by a corporation for the purposes of alfalfa dehydration exclusively and only as to said lands lying within fifteen miles of a dehydrating plant and provided further said crops raised thereon shall be used only for further processing and not for resale in its original form.
 (7) Any interest, when acquired by an educational, religious, or charitable not for profit or pro forma corporation or association;
 (8) Agricultural land or any interest therein acquired by a corporation other than a family farm corporation or authorized farm corporation, as defined in section 350.010, for immediate or potential use in nonfarming purposes. A corporation may hold such agricultural land in such acreage as may be necessary to its nonfarm business operation; provided, however, that pending the development of agricultural land for nonfarm purposes, such land may not be used for farming except under lease to a family farm unit, a family farm corporation or an authorized farm corporation, or except when controlled through ownership, options, leaseholds, or other agreements by a corporation which has entered into an agreement with the United States of America pursuant to the New Community Act of 1968 (Title IV of the Housing and Urban Development Act of 1968, 42 U.S.C. § 3901-3914) as amended, or a subsidiary or assign of such a corporation; or
 (9) Agricultural lands acquired by a corporation by process of law or voluntary conveyance in the collection of debts, or by any procedure for the enforcement of a lien or claim thereon, whether created by mortgage or otherwise; provided, that any corporation may hold for ten years real estate acquired in payment of a debt, by foreclosure or otherwise, and for such longer period as may be provided by law.
 (10) The provisions of sections 350.010
to 350.030 shall not apply to the raising of hybrid hogs in connection with operations designed to improve the quality, characteristics, profit ability, or market ability of hybrid hogs through selective breeding and genetic improvement where the primary purpose of such livestock raising is to produce hybrid hogs to be used by farmers and livestock raisers for the improvement of the quality of their herds."
(We note that the 79th General Assembly in its First Regular Session enacted Senate Bill No. 326, repealing Section 350.015, RSMo Supp. 1975 and replacing it with a new provision; however, the new enactment has no effect on the subject of this opinion.)
Further, Section 350.020 requires corporations either engaged in or proposing to commence farming in Missouri, to file various reports with the Director of the Department of Agriculture. Said section reads as follows:
 "1. Every corporation engaged in farming or proposing to commence farming in this state after September 28, 1975, shall file with the director of the state department of agriculture a report containing the following information;
 (1) The name of the corporation and its place of incorporation;
 (2) The address of the registered office of the corporation in this state, the name and address of its registered agent in this state and, in the case of a foreign corporation, the address of its principal office in its place of incorporation;
 (3) The acreage and location listed by section, township and county of each lot or parcel of land in this state owned or leased by the corporation and used for farming, and
 (4) The names and addresses of the officers and the members of the board of directors of the corporation."
 "2. The report of a corporation seeking to qualify hereunder as a family farm corporation or an authorized farm corporation shall contain the following additional information: The number of shares owned by persons residing on the farm or actively engaged in farming, or their relatives within the third degree of consanguinity or affinity including their spouses, sons-in-law and daughters-in-law according to the rules of the common law; the name, address and number of shares owned by each shareholder; and a statement as to percentage of net receipts of the corporation derived from any other sources other than farming.
 "3. No corporation shall commence farming in this state until it has filed the report required by this section.
 "4. Every corporation, except a family farm corporation, engaged in farming in this state shall, prior to April fifteenth of each year, file with the director of the state department of agriculture a report containing the information required in Subdivision 1 of this section based on its operations in the preceding calendar year and its status at the end of such year.
 "5. The failure of a corporation to file a required report, or the use of false information in the report, shall be a misdemeanor for which the corporation shall be punished by a fine of not less than five hundred dollars or more than one thousand dollars."
Additionally, Section 350.025 provides: "All farm cooperatives who own farm land shall report under section 350.020 hereof."
It is clear from the facts provided with your request that the corporations you refer to are neither family farm nor authorized farm corporations, as defined by Section 350.010(2) and (5). Therefore, the questioned corporations are restricted in their ownership and use of agricultural land by the provisions of Section350.015. See Attorney General's Opinion No. 76, issued April 11, 1977 (copy enclosed). However, your request refers solely to the applicability of the yearly reporting provisions of Section 350.020.4 to the questioned corporations. For the reason given below, we are of the opinion that the corporations you refer to are not required to file annual reports pursuant to Section 350.020.
In construing statutory language it is essential to determine the intent and object of the legislature in enacting the statute in question by giving the words used therein their plain, rational and ordinary meaning. DePoortere v. Commercial CreditCorporation, 500 S.W.2d 724 (Mo.Ct.App. at Spr. 1973); UnitedAir Lines, Inc. v. State Tax Commission, 377 S.W.2d 444 (Mo.Banc 1964). Where the language of the statute is plain and unambiguous, the General Assembly is presumed to have intended exactly what is directly stated in the statute. State v. Kraus,530 S.W.2d 684 (Mo.Banc 1975); State ex rel. Zoological Park Subdistrictof the City and County of St. Louis v. Jordan,521 S.W.2d 369 (Mo. 1975); State ex rel. State Highway Commissionv. Wiggins, 454 S.W.2d 899 (Mo.Banc 1970). Further, as a general rule of construction, when statutes enumerate the things or subjects on which they are to operate, they are to be taken as excluding from their effect all subjects and things not expressly mentioned therein. DePoortere, supra; Giloti v. Hamm-SingerCorp., 396 S.W.2d 711 (Mo. 1965).
Applying these standards of interpretation to Section350.015, it is clear that the restrictions provided therein relate both to corporations engaged in farming and corporations owning or obtaining an interest in agricultural land, as defined by Section 350.010. By its own language, Section 350.015 makes an express distinction between corporate ownership of agricultural land and corporate farming.
However, no such distinction is found in the annual reporting requirements of Section 350.020.4. The requirements therein relate solely to corporations, other than family farm corporations, engaged in farming in Missouri. Had the legislature intended to require corporations which merely own agricultural land but do not engage in farming to file annual reports pursuant to Section350.020.4, it could have done so. In fact, in enacting Section350.025, the legislature expressly provided that the reporting requirements of Section 350.020 apply to farming cooperatives which own agricultural land. This latter enactment would be meaningless if the legislature did not intend to distinguish between cooperative ownership of agricultural land and cooperative farming for the purposes of Sections 350.015 and 350.020. No provision comparable to Section 350.025, relating to corporations, is found in Chapter 350. It must therefore be concluded that the annual reporting requirements of Section 350.020.4 apply to corporations only if they are engaged in farming. It is our opinion that while corporate ownership of agricultural land is restricted by Section 350.015, the corporate owner is not required to file annual reports with the Director of the Missouri Department of Agriculture pursuant to Section 350.020 unless the corporation is also engaged in farming. Thus, the answer to your question lies in whether the corporations you refer to in your request are engaged in farming.
The facts provided in your request reveal that the questioned corporations own agricultural land for nonfarming purposes, either for investment or future nonfarming business operations. In one instance, the land is leased to an individual farmer as restricted by Section 350.015(8). In neither case, however, are the corporations referred to engaged in farming; rather, they merely hold title to agricultural land for present or future nonfarming business operations. Thus, while the questioned corporations are restricted in their ownership, use, and rental of agricultural land by Section 350.015, they are not required to file annual reports pursuant to Section 350.020, since they are not engaged in farming.
CONCLUSION
It is the opinion of this office that a corporation which owns agricultural land in Missouri, but does not engage in farming, is not required to file an annual report with the Director of the Missouri Department of Agriculture pursuant to Section 350.020.4, RSMo Supp. 1975.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Greg Hoffman.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 76 5/20/77, Runyan