Dear Mr. Black:
This letter is in response to your request for an opinion from this office on the following question:
 "Is there anything in the [Public School Retirement] System's present law which would preclude lending its securities to selected firms of its choice in the securities industry against the receipt of collateral, either in the form of cash or securities equivalent in market value to the market value of the loaned securities at the time of the loan with provision for the periodic adjustment of such collateral in relation to subsequent changes in market value?"
It is our understanding that the securities in question are those purchased by the Board with excess funds as authorized by Section 169.040, RSMo Supp. 1975. Subsection 2 of Section169.040 reads as follows:
 "2. The board shall invest all funds under its control which are in excess of a safe operating balance. The investment shall be made only in the following classes of securities:
 (1) Bonds or other obligations of the United States;
(2) Bonds guaranteed by the United States;
 (3) Tenant-purchase loans which are secured by fully insured mortgages as provided for in the act of Congress known as the `Farmers Home Administration Act of 1946' as amended (7 U.S.C.A. § 1001 et seq.);
 (4) Bonds or notes secured by mortgages or deeds of trust guaranteed or insured by the Federal Housing Administrator, or debentures issued by such administrator, under the terms of an act of Congress of the United States of June 27, 1934, entitled the `National Housing Act' as heretofore or hereafter amended (12 U.S.C.A. § 1701 et seq.);
(5) Bonds of the state of Missouri;
 (6) Bonds of a city, county or school district of the state of Missouri;
 (7) Accounts of any savings and loan association chartered by the United States of America or any state which are insured by the Federal Savings and Loan Insurance Corporation;
 (8) Any securities as permitted by laws of Missouri relating to the investment of the capital, reserve and surplus funds of life insurance companies or casualty insurance companies organized under the laws of Missouri."
Although subsection 2 of Section 169.040 lists the types of securities that can be purchased with excess funds, the statutes are silent as to the uses to which the securities can be put, once purchased. However, subsection 3 of Section 169.040, in pertinent part, does provide that:
 ". . . All investments shall be made for the account of the retirement system, and any securities or other properties obtained by the board of trustees may be held in the name of the retirement system, or in the name of a nominee in order to facilitate the expeditious transfer of such securities or other property. . . ."
In our opinion, the failure of the legislature to include any provisions regarding the lending of securities purchased with excess funds evidences a legislative intent that such actions cannot be undertaken. Section 169.040 unambiguously lists the methods of investment available to the Public School Retirement System of Missouri. When a statute clearly enumerates the subjects on which it is to operate or affect, or the methods of operation to be used, it is to be construed as excluding from its effect those subjects or methods not expressly mentioned. Giloti v. Hamm-Singer Corp., 396 S.W.2d 711 (Mo. 1965);National Advertising Company v. State Highway Commission,549 S.W.2d 536 (Mo.Ct.App. at St.L. 1977); DePoortere v. CommercialCredit Corporation, 500 S.W.2d 724 (Mo.Ct.App. at Spr. 1973).
CONCLUSION
Therefore, it is the opinion of this office that Chapter 169, as currently written, would not allow the lending of securities purchased with funds of the Public School Retirement System under the provisions of Section 169.040, RSMo Supp. 1975.
The foregoing opinion, which I hereby approve, was written by my assistant, Richard L. Wieler.
Very truly yours,
 JOHN ASHCROFT Attorney General