Dear Representative Villa:
This letter is in response to your request for an opinion which reads as follows:
 "Do Sections 169.410 to 169.540 of the Revised Statutes of Missouri authorize the Board of Trustees of the Public School Retirement System for the City of St. Louis to establish a life insurance program for its active members and/or retirees?"
In your opinion request, it is also indicated that the Board of Trustees of the Public School Retirement System for the City of St. Louis is considering a proposal to purchase term or other life insurance on the life of each active member and retiree, and that the costs of purchasing these policies would be covered out of the earnings of the assets of the retirement system. Presently, the Board of Trustees does not anticipate that any additional contributions from members or retirees of the Public School Retirement System for the City of St. Louis would be made to cover the cost of this insurance.
Section 169.420, Senate Bill No. 542 of the 79th General Assembly, Second Regular Session, establishes retirement systems in school districts having a population of seven hundred thousand (700,000) or more inhabitants ". . . for the purpose of providingretirement allowances for employees of said school districts. . . ." (Emphasis added.)
Section 169.410(20), Senate Bill No. 542 of the 79th General Assembly, Second Regular Session, defines the term retirement allowance as follows:
 "`Retirement allowance' shall mean equal monthly payments for life to a retirant or to such beneficiary as is entitled to same as provided herein;" (Emphasis added.)
The courts of this state have consistently applied the principle of maximum expressio unius est exclusio alterius. Thus, the Supreme Court has held:
 ". . . When, . . . `a statute enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned; . . ." Giloti v. Hamm-Singer Corp., 396 S.W.2d 711, 713 (Mo. 1965).
See also Brown v. Morris, 290 S.W.2d 160 (Mo. banc 1956);Kroger Grocery Baking Co. v. City of St. Louis, 106 S.W.2d 435
(Mo. 1937); DePoortere v. Commercial Credit Corp., 500 S.W.2d 724
(Mo.Ct.App. at Spr. 1973).
Here, the legislature has expressly stated that the purpose of the retirement system is to provide retirement allowances, that is, equal monthly payments for life to retirees or entitled beneficiaries. In expressing the retirement system purpose thusly, the legislature excluded all other purposes by omission.
Where the legislature has intended for retirement systems to purchase life insurance on members, it has expressly so stated:
 "The state highway commission may contribute toward . . . life insurance benefits . . . for each employee who is a member of the state highway employees' and highway patrol retirement system. . . ." Section 104.270, RSMo Supp. 1977.
and,
 "The board shall provide or contract for life insurance benefits for employees [who are members of the Missouri state employees' retirement system] . . ." Section 104.515.2, Senate Bill No. 497, 79th General Assembly, Second Regular Session.
CONCLUSION
It is therefore the opinion of this office that Sections169.410 through 169.540 of the Revised Statutes of Missouri, as amended, do not allow the Board of Trustees of the Public School Retirement System of the City of St. Louis to establish a life insurance program for its active members and/or retirees.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Edward D. Robertson, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General