Dear Mr. Butler:
This is in response to your inquiry of this office, asking whether the Director of the Division of Savings and Loan Supervision may recognize other additional sources of revenue to the division for purposes of his computation or determination of the per diem examination charges that he believes to be just and reasonable, according to the provisions of § 369.324.1, RSMo. Section 369.324, RSMo, states:
 1. Each association shall pay for each annual or special examination such amount as the director of the division of savings and loan supervision shall certify to be just and reasonable based upon per diem charges for all personnel participating in such examination, and expenses incurred on account of the examination. Payment shall be made to the director of revenue.
 2. If the capital of an association shall at the end of any calendar year exceed the amount of capital upon which the association theretofore has paid an incorporation fee, an additional fee of five cents for each one hundred dollars of such additional capital shall be paid to the director of revenue within sixty days.
 3. To meet the salaries and expenses of the division of savings and loan supervision, the funds for which are not otherwise provided, the director shall require every association under his supervision to pay to him its pro rata share thereof as estimated by the director for the ensuing year. The proportion to be assessed to each association shall be the proportion which its assets bears to the aggregate assets of all associations subject to supervision as shown by the latest reports of associations to the director but excluding from such computation assets consisting of real and tangible personal property situated without this state. The director shall notify each association by mail of the amount assessed against it. The association shall pay the amount assessed within twenty days after such notice.
 4. All fees and charges imposed upon associations pursuant to the provisions of sections 369.010 to 369.369 shall be paid to the director of revenue and shall be paid into the state treasury. The director of revenue shall keep an accurate account of all such funds and shall at the request of the director report the total amount of such collections to him.
We understand that this opinion request was prepared in response to the text of Report No. 79-17, dated February 27, 1979, and issued by the Honorable James F. Antonio, C.P.A., Missouri State Auditor, which report found:
 The Division of Savings and Loan Supervision, under statutory direction, charges savings and loan associations for each annual or special examination. Current procedures are to charge the associations $70 per man-day required for the examination. This rate is apparently an arbitrary number that has been used since at least 1966.
* * *
 The division has not done a study to determine the actual cost of an examination and, thus, has no basis upon which to determine if the current rate is a just and reasonable charge. It is obvious that when a cost study is performed, it will reveal that the current rate is much too low to recover all costs of the examinations as required by statute . . . .
* * *
 WE RECOMMEND the division review its examination costs and establish charges that actually recover costs.
We also understand the position of the Division of Savings and Loan Supervision, that all of the subsections of § 369.324, RSMo, should be considered together, with all revenue received under that section available "[t]o meet the salaries and expenses of the division of savings and loan supervision . . ." Thus, the argument has been made that all amounts received under subsection 2 should be considered in determining a "just and reasonable" charge for each annual or special examination under subsection 1. We have received the legal memoranda of both counsel in this matter.
The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent, if possible, and to consider words used in the statute in their plain and ordinary meaning. State v. Kraus, 530 S.W.2d 684,685 (Mo. banc 1975); State ex rel. Dravo Corporation v.Spradling, 515 S.W.2d 512, 517 (Mo. 1974).
From our examination of the language used in § 369.324, we find no express or implied interrelationship between the fees for additional capital specified in subsection 2 and the annual or special examination charges described in subsection 1. Only the procedure for charging assessments, specified in subsection 3, takes into consideration the funds received from examination charges and additional capital fees, by limiting its application to those instances where the funds necessary to meet the salaries and expenses of the Division of Savings and Loan Supervision "are not otherwise provided." Thus, the section, when read as a whole, does not suggest that a just and reasonable rate for examination charges is dependent in any respect upon the fees for additional capital received under § 369.324.2.
Furthermore, the provisions of § 369.324.1 expressly limit the basis for determining what amount constitutes a just and reasonable examination charge to a consideration of "per diem charges for all personnel participating in such examination, and expenses incurred on account of the examination." Inasmuch as the statute has enumerated the criteria upon which the determination of just and reasonable examination charges is to be made, it must be construed as excluding from consideration all other possible considerations not expressly mentioned, including those fees and charges derived under other provisions of § 369.324.Giloti v. Hamm-Singer Corp., 396 S.W.2d 711, 713 (Mo. 1965);Depoortere v. Commercial Credit Corp., 500 S.W.2d 724, 727
(Mo.App., Spr.D. 1973).
We also note, in this respect, that the director of the Division of Savings and Loan Supervision does not have complete discretion in establishing the amount or rate for examination charges. As construed in D.C. Transit System, Inc. v. Washington MetropolitanArea Transit Commission, 350 F.2d 753, 778 (D.C. Cir. 1965), "a `just and reasonable' rate is one that assures that all the enterprise's legitimate expenses will be met; . . ." which in this instance are those expenses resulting from the per diem charges of all personnel participating in the examination and other expenses incurred on account of the examination. See also, New York Central RailroadCo. v. United States, 199 F. Supp. 955, 957 (S.D. N.Y. 1961), construing "just and reasonable" charges pursuant to statute. Thus, a just and reasonable charge for each annual or special examination is one which will, to the extent possible, recover the actual cost to the Division of Savings and Loan Supervision of that examination, as based upon the per diem charges for all participating personnel and expenses incurred therein.
CONCLUSION
It is the opinion of this office that the director of the Division of Savings and Loan Supervision may not recognize additional sources of revenue to that division for purposes of the director's computation of just and reasonable per diem charges, but these examination charges should approximate in amount the total of the actual per diem charges for all division personnel participating in the examination and other expenses incurred by the division on account of that examination, as specified in subsection 1 of § 369.324.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Gregory W. Schroeder.
Very truly yours,
 JOHN ASHCROFT Attorney General