The Honorable Bill McKenna Senator, District 22 State Capitol Building, Room 329 Jefferson City, Missouri 65101
Dear Senator McKenna:
This opinion letter is in response to your question asking:
 With respect to Section 381.143 as enacted by 1993 HS/HCS/SCS/SB 18, may a title insurance company organized under the laws of this state or operating under a certificate of authority in this state, or a title insurance agency or agent licensed by the Director of the Department of Insurance, create a subsidiary to enter into "construction completion guaranties" or "construction deposit guaranties" as defined by Section 381.143.1?
Section 381.143, as enacted by House Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 18, 87th General Assembly, First Regular Session (1993),, was codified as Sections 381.400, 381.403 and 381.405, RSMo Supp. 1993. Section 381.405, RSMo Supp. 1993, provides:
 381.405. Construction and guaranty agreements not authorized for title insurance companies — title insurance against mechanic liens and insured closing letters, authorized. No licensee may enter or offer to enter into any:
(1) Construction deposit guaranty;
(2) Construction completion guaranty;
 (3) Contract of guaranty or suretyship wherein the licensee agrees to answer for the debt, obligation or default of a third party, including, but not limited to, statements of responsibility for the acts or omissions of parties which would constitute an insured closing letter if the party on whose behalf the statement is made had been a title insurance agency or agent for the issuer. The provisions of this section shall not prohibit licensees from issuing title insurance against mechanics' liens, nor prohibit a title insurance company from issuing insured closing letters regarding its own duly licensed agency or agent.
Subdivision (5) of Section 381.400, RSMo Supp. 1993, defines the term "licensee" as follows:
 (5) "Licensee" a title insurance company organized under the laws of this state or operating under a certificate of authority in this state, or a title insurance agency or agent licensed by the director.
When a court interprets statutory language, it must ascertain the intent of the legislature and, in doing so, it considers the plain and ordinary meaning of terms. Morton v. Brenner, 842 S.W.2d 538,541 (Mo. banc 1992). However, the legislature's own construction of its language by means of definition of terms employed should be followed in the interpretation of the statute to which it relates and is intended to apply and supersedes commonly accepted dictionary or judicial definitions and is binding on the courts. Labor's Educationaland Political Club — Independent v. Danforth, 561 S.W.2d 339, 346
(Mo. banc 1977). Furthermore, when a statute enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned. Giloti v. Hamm-SingerCorp., 396 S.W.2d 711, 713 (Mo. 1965).
The prohibitions contained in Section 381.405 apply to "licensees" as defined by subdivision (5) of Section 381.400. No provision of Section 381.405 purports to apply these provisions to any person or entity other than a "licensee" as defined by subdivision (5) of Section 381.400, or to the subsidiary of any such "licensee". Based on the plain and ordinary meeting of the terms contained in Section 381.405, we conclude that Section 381.405 does not prohibit a title insurance company organized under the laws of this state or operating under a certificate of authority in this state, or a title insurance agency or agent licensed by the Director of the Department of Insurance, from creating a subsidiary to enter into "construction completion guaranties" or "construction deposit guaranties" as defined by Section 381.400, RSMo Supp. 1993. We do not opine on the applicability of other provisions of insurance law to the activities of such a subsidiary entering into "construction completion guaranties" or "construction deposit guaranties".
In summary, it is the opinion of this office that Section381.405, RSMo Supp. 1993, does not prohibit a title insurance company organized under the laws of this state or operating under a certificate of authority in this state, or a title insurance agency or agent licensed by the Director of the Department of Insurance, from creating a subsidiary to enter "construction completion guaranties" or "construction deposit guaranties" as defined by Section 381.400, RSMo Supp. 1993.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General