The Honorable Don Koller Representative, District 153 State Capitol Building Jefferson City, MO 65101
Dear Representative Koller:
You have submitted a question to this office whether there are any provisions of the Missouri Constitution or statutes that mandate that staff of county assessors be paid by salary or by hourly wage. Of particular interest was whether the staff of the Ripley County assessor's office could be compensated by an hourly rate or by salary.
A search of constitutional provisions has revealed the following provisions. Article VI, Section 12 provides:
All public officers in the city of St. Louis and all state and county officers in counties having 100,000 or more inhabitants, excepting public administrators and notaries public, shall be compensated for their services by salaries only.
According to the Official Manual of the State of Missouri from 1999-2000, the estimated population of Ripley County is 14,072, well below the 100,000 population baseline provision of this section the constitution.
Article 12, Section 13 of the Missouri Constitution provides:
All state and county officers, except constables and justices of the peace, charged with the investigation, arrest, prosecution, custody, care, feeding, commitment, or transportation of persons accused of or convicted of a criminal offense shall be compensated for their official services only by salaries, and any fees and charges collected by any such officers in such cases shall be paid into the general revenue fund entitled to receive the same, as provided by law. Any fees earned by any such officers in civil matters may be retained by them as provided by law.
The duties of county assessors are found at Sections 53.073-53.081 and53.175 RSMo 1994. None of those duties include the "investigation, arrest, prosecution, custody, care, feeding, commitment or transportation of persons accused of or convicted of a criminal offense."
The county assessor of Ripley County does not fall within the provisions of either Article VI, Section 12 or Section 13. Ripley County is not a county having a population of 100,000, nor does the Ripley County assessor have any responsibilities relating to the investigation, arrest, prosecution or incarceration of any person. When a provision enumerates the subjects or persons affected, it is to be construed as excluding from its effects all those not expressly mentioned. Giloti v.Hamm-Singer Corp., 396 S.W.2d 711 (Mo. 1965). The exclusion of counties under 100,000 in Article VI, Section 12, and of county officers without responsibilities in criminal justice in Article VI, Section 13, results in the conclusion that the provisions in the constitution mandating payment by salary do not apply to county assessors in counties with a population of less than 100,000, including Ripley County.
However, our inquiry does not end with our review of the Missouri Constitution. There are several statutory provisions that discuss compensation for county officials and employees. Section 53.082 RSMo 1999 Supp. sets forth the schedule for the "annual salary" of county assessors. Our review of Chapter 53 RSMo found no provision regarding employees or staff of an assessor. However, there are several provisions in Chapter 50 RSMo that discuss generally the compensation of county employees. Section 50.540.4 RSMo 1994 provides that the county budget officer shall submit to the county commission a salary recommendation and the commission "shall fix all salaries of employees, other than those established by law, except that no salary for any position shall be fixed at a rate above that fixed by law for the position." Section 50.330 RSMo 1994 provides in part that "Any salary provided for a county officer, deputies and assistants, shall be paid by warrants drawn on the county treasury."
Section 137.715 RSMo 1994 provides:
Each county assessor shall, subject to the approval of the governing body of the county, appoint the additional clerks and deputies that he or she deems necessary for the prompt and proper discharge of the duties of his office. A portion of the salaries of the clerks and deputies hired by each county assessor shall be paid by the state in accordance with sections 137.710 and 137.750, and the remainder of the salaries for such clerks and deputies shall be paid by the county in which they are employed.
This section applies specifically to assistants of county assessors.
Your inquiry is whether "salary" as used in the statutory context can include an hourly compensation. Reardon v. Brandom, 973 S.W.2d 187
(Mo.App. 1998) addressed this very issue. The prosecuting attorney sued the county commission to enjoin it from paying the county counselor and his assistants on an hourly basis. Black's Law Dictionary, 6th Edition, defines "salary" as a "fixed periodical compensation . . . a stated compensation paid periodically as by the year, month, or other fixed period, in contrast to wages which are normally based on an hourly rate." The court specifically held that "when the legislature specifies compensation be in the form of a salary, an hourly wage does not qualify as such." Reardon, at 190. Accordingly based upon the statutory provisions discussed above, employees of county assessors must be paid a salary, a fixed periodic compensation, and not an hourly rate.
 CONCLUSION
Employees of county assessors must be paid by salary, which is a fixed periodic rate, and not by an hourly rate.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
ELEVATOR SAFETY BOARD: A political subdivision may enforce its own code regarding elevator safety in lieu of the code adopted by the elevator safety board if the political subdivision has adopted a code which is at least as stringent as that adopted by the elevator safety board.